Clarke vs. German Bank of Sheboygan and another.

CLARKE, Respondent, vs. GERMAN BANK OF SHEBOYGAN and another, Appellants.

*May 26 — June 11, 1897.*

*Debtor and creditor: Husband and wife: Fraudulent conveyance.*

In an action by a married woman to remove, as a cloud upon her title to land which had been conveyed to her by her husband, an execution levied thereon under a judgment against the latter upon the theory that his conveyance to his wife had been made with intent to hinder, delay, or defraud his creditors, a finding that the plaintiff was the *bona fide* owner of the land is *held* not to be against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This was an action brought by plaintiff to enjoin defendants from selling certain real estate, which she claimed to own, on execution issued on a judgment against her husband, alleged to be void, and to remove the cloud from her title to such real estate created by such judgment and pending efforts to enforce the same as a lien thereon. The answer put in issue the allegations of the complaint regarding the invalidity of such judgment, and the *bona fides* of plaintiff's claim of title to the real estate, and counterclaimed that the title to the real estate was placed in the name of plaintiff by

her husband for the purpose of hindering and delaying his creditors. Defendants prayed for judgment that the title to the lands, as to the creditors of plaintiff's husband, was in him, and for a sale thereof for the payment of the judgment plaintiff sought to restrain the enforcement of as a lien thereon. Plaintiff replied to the counterclaim. The cause was tried by the court and findings filed, in substance, as follows:

(1) When the action was commenced, and for some time prior thereto, plaintiff was the owner and in possession of the lands described in the complaint, situated in Milwaukee county, Wisconsin.

(2) June 22, 1895, a pretended judgment was rendered in the circuit court for Sheboygan county, Wisconsin, in favor of the defendant bank and against William Clarke (husband of plaintiff), for $21,665.55, which judgment was docketed July 3, 1895, in Milwaukee county, Wisconsin.

(3) Such proceedings were thereafter had that the aforesaid land was advertised for sale on execution issued on such judgment, and proceedings in that regard were pending at the time this action was commenced.

(4) Plaintiff was the *bona fide* owner of said land, and the proceedings to sell the same cast a cloud upon her title thereto.

(5) February 17, 1890, plaintiff's husband owned an eighty-six-acre farm in Milwaukee county, Wisconsin, worth $18,500, which included their homestead, valued at $13,000; and on that day the husband, for a nominal consideration, conveyed said farm to plaintiff. The conveyance was not made in contemplation of any indebtedness to be thereafter incurred by him.

(6) February 11, 1890, William Clarke subscribed for $17,000 of stock in the Sheboygan Electric Light Company, which stock he thereafter fully paid for. At the date of such subscription he was not indebted to the defendant bank, or any other person, in any sum whatever.

(7) May 5, 1890, plaintiff and her husband joined in a note and mortgage on the farm to one Klann, by which they procured a loan of $10,000, which the husband paid into the corporation on his aforesaid subscription to stock. The said corporation was not then indebted to the defendant bank. In consideration of plaintiff joining in the mortgage, her husband turned over to her $3,700 worth of personal property on the farm.

(8) In 1890 plaintiff sold the personal property for $3,700, and the farm for $8,500. Thereafter she invested the proceeds of such sales and the accumulations thereof, together with $3,000 of borrowed money, in the property described in the complaint, and improvements thereon. After the purchase of such property, one tract of the land was used as a homestead, and the rest was rented, the income going to plaintiff as her separate property.

(9) The judgment in favor of the defendant bank, mentioned in the complaint, was entered in proceedings under the statute to wind up the aforesaid corporation as insolvent, to sequestrate its property and distribute the same among its creditors. In the action judgment was rendered for such sequestration, also for the appointment of a receiver; the amount due to the aforesaid corporation from said William Clarke, as a stockholder, was adjudged and determined, and thereafter, without notice to him, judgment was rendered against him in favor of the defendant bank for its *pro rata* share of the amount due to such corporation from him. The judgment mentioned in the complaint is the judgment so entered, and it is void as in excess of the jurisdiction of the court.

As a conclusion of law, the court found that the plaintiff was entitled to judgment as prayed for in the complaint.

Exceptions were filed to raise the questions discussed in the opinion. Judgment was rendered in accordance with the findings, and defendants appealed.

Reinhard vs. Reinhard.

For the appellants there' was a brief by *Francis Williams* and *Krez, Kellogg & Krez,* and oral argument by *H. L. Kellogg.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

MARSHALL, J.   A careful consideration of the evidence in this case satisfies us that the findings of fact made by the trial court in regard to the claim of fraud insisted on by defendants cannot be disturbed as contrary to the clear preponderance of the evidence.   Therefore it is unnecessary to consider any other question on this appeal.   With such findings standing as a verity in the case, the conclusion of law to the effect that the judgment against plaintiff's husband is void is not material, for defendants' case fails before reaching that point.   It is not deemed necessary, ordinarily, when a conclusion is reached that a finding of fact made by the trial court cannot be disturbed under the rules governing that subject, to incumber the opinion by a long statement and discussion of the evidence, and no reason is perceived why that should be done in this case.

*By the Court.*— The judgment of the circuit court is affirmed.